## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOBIAS MITCHELL, | : | Civil No. 1:21-CV-01307 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CO SILVERIO, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

Plaintiff's complaint raises claims under 42 U.S.C. § 1983 against three

defendants alleging that his Eighth Amendment rights were violated on December

22, 2020 following the use of force against him at Monroe County Correctional

Facility ("MCCF").  (Doc. 1.)  Defendants filed a motion for summary judgment

on all claims.  (Doc. 18.)  Plaintiff has failed to exhaust his administrative remedies

regarding the December 22, 2020 events.  Therefore, the court will grant

Defendants' motion, enter judgment in favor of Defendants, and close the case.

### PROCEDURAL HISTORY

Tobias Mitchell ("Plaintiff"), an inmate currently housed at the State

Correctional Institution Mahanoy in Frackville, Pennsylvania ("SCI-Mahanoy"),

initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 in July of

2021.  (Doc. 1.)  The complaint names three Defendants: (1) C.O. Silverio

("Silverio"), MCCF Correctional Officer; (2) Gary Haidle ("Haidle"), Warden of

MCCF; and (3) C.O. Garcia ("Garcia"), MCCF Correctional Officer.  (Doc. 1, pp.

2–3.)[1]  Plaintiff states that in December of 2020, he was a pretrial detainee.  (*Id.*, p.

4.)  He alleges that on December 22, 2020, he was at intake and was told to lock-in

while arguing with Defendant Garcia.  (*Id.*, p. 5.)  Then, Defendant Silverio

grabbed him from behind and slammed him to the ground.  (*Id.*)  Plaintiff alleges

that Defendants Garcia and Silverio then held him down and Defendant Silverio

proceeded to knee him in the ribs numerous times while Defendant Garcia

restrained him.  (*Id.*)  Plaintiff alleges that this resulted in serious bodily injury

including pain in his ribs, back, hands, legs, and head.  (*Id.*)  Plaintiff alleges that

Defendant Haidle failed to protect him.  (*Id.*, p. 4.)  Plaintiff alleges that this attack

violated the Eighth Amendment including claims of cruel and unusual punishment,

excessive force, and failure to protect.  (*Id.*, p. 3.)

Plaintiff alleges that he filed a grievance with MCCF following the incident,

but it was denied at all levels "because they cannot even reply to my grievance."

(*Id.*, p. 7.)  He further states that he appealed this grievance to the highest level,

Warden Haidle.  (*Id.*, pp. 7–8.)  As evidence of exhausting his administrative

remedy, Plaintiff attached an Inmate Grievance Form.  (Doc. 1-1.)  This grievance

form is unsigned, dated December 13, and complains of events from December 22,

2020.  (*Id.*)  The response sections are then completed with "No Reply."  (*Id.*)

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

The court directed that waiver of service forms be sent to Defendants on January 11, 2022.  (Doc. 8.)  Defendants answered the complaint on February 9, 2022.  (Doc. 13.)  On October 7, 2022, Defendants filed a motion for summary judgment, statement of facts, and brief in support.  (Docs. 18, 19, 20.)[2]  Following multiple extensions of time, Plaintiff filed a brief in opposition on May 4, 2023.  (Doc. 33.)  Defendants did not file a reply.  The court will now address this pending motion for summary judgment.

Also pending is Plaintiff's motion to appoint counsel filed in April of 2023.  (Doc. 32.)

### JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at MCCF in Monroe County, which is located within this district.  *See* 28 U.S.C. § 118(b).

---

[2] Defendants' motion names Monroe County as a defendant and the brief in support addressed a claim under *Monell v. New York City Dep't of Soc. Servs.* 436 U.S. 658 (1978).  (Docs. 18, 20.)  However, Monroe County was not named as a defendant in the complaint, and no such *Monell* claim was raised.  (Doc. 1.)  Therefore, the court will not enter judgment in favor of Monroe County nor address the phantom *Monell* claim.

**MOTION FOR SUMMARY JUDGMENT STANDARD**

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case." *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial.  Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

As explained below, Plaintiff has failed to exhaust his administrative remedies.  Therefore, the court will grant Defendants' motion and enter judgment in favor of Defendants.

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e et seq., requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations.  *See id.* § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted).  Proper exhaustion is mandatory, even if the inmate is seeking relief—like monetary damages—that cannot be granted by the administrative system.  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  However, there are situations in which a grievance procedure may be rendered "unavailable" to an inmate, such as when a prison official thwarts an inmate's ability to use it, *Ross*, 578 U.S. at 643–44, when intimidation by means of "serious threats of retaliation and bodily harm" prevent an inmate from filing, *Rinaldi v. United* States, 904 F.3d 257, 266–67 (3rd Cir. 2018), or when a prison has "rendered its administrative remedies unavailable . . . when it failed to timely (by its own procedural rules) respond to [an inmate's] grievance and then repeatedly ignored his follow-up requests for a decision on his claim," *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 154 (3d Cir. 2016).

Under Third Circuit precedent, "exhaustion is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts." *Small v. Camden Cty.*, 728 F.3d 265, 269 (3d Cir. 2013) (citing *Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010)); *see also Drippe*, 604 F.3d at 781 ("Juries decide cases, not issues of judicial traffic control.  Until the issue of exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to.") (quoting *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008)); *cf. Wilkerson v. United States*, No. 3:13-1499, 2014 WL 1653249, at *9 (M.D. Pa. Apr. 24, 2014) ("[I]f there is a dispute of material fact, the court should conduct a plenary trial on the contested facts prior to making [an exhaustion of administrative remedies] determination.").  "Although the availability of administrative remedies to a prisoner is a question of law, it necessarily involves a factual inquiry." *Small*, 728 F.3d at 271 (citations omitted).

## A. Relevant Alleged Facts

First, the court will set forth the alleged facts surround the exhaustion of administrative remedies.  In the complaint, Plaintiff alleges that he exhausted his administrative remedies by filing grievances that went unanswered by MCCF. (Doc. 1, p. 7.)  He states that he appealed those unanswered grievances to the highest level, Warden Haidle.  (*Id.*)  In support of his assertions, Plaintiff attached an Inmate Grievance Form.  (Doc. 1-1.)  However, this form is dated December 13

and complains of events that took place on December 22, 2020.  (*Id.*)

Furthermore, the form is unsigned.  (*Id.*)  In the response sections, it appears that

Plaintiff has written "No reply."  (*Id.*)  Therefore, the court finds that this is not the

grievance that was actually filed by Plaintiff with MCCF.

Defendants allege that MCCF has a grievance policy that is reproduced in

the inmate handbook.  (Doc. 19, p. 3.)  Defendants allege that Plaintiff received a

copy of the handbook when he arrived at MCCF.  (*Id.*)  Defendants state that

Warden Haidle is the final level of review in the three-part grievance process.  (*Id.*,

pp. 3–4.)  Defendants have included an affidavit from Warden Haidle stating that

he reviewed Plaintiff's file, and Plaintiff did not exhaust all of his available MCCF

grievance remedies outlined in the inmate handbook.  (Doc. 19-1, pp. 12–13.)

In his brief in opposition, Plaintiff alleges that he did not receive a copy of

the inmate handbook.  (Doc. 33, p. 3.)  Plaintiff alleges that he submitted an initial

grievance on December 13, 2020 and was issued a copy of the grievance on

December 14, 2020.  (*Id.*)  Plaintiff alleges that out of retaliation, the grievance

was never answered.  (*Id.*)  Plaintiff then asserts that he "was marginalized from

the full scope of the grievance process and was subsequently unable to appeal said

grievance to any level as provided by grievance procedure because said grievance

was never answered for retaliatory reasons."  (*Id.*, p. 4.)  He then attached the same

Inmate Grievance Form that was included with the complaint as evidence of the

exhaustion of his administrative remedies.  (*Id.*, p. 7.)

### B. The Motion For Summary Judgment Will be Granted for Failing to Exhaust Administrative Remedies.

Here, Plaintiff has presented no evidence in support of his allegations that he

was prevented from exhausting his administrative remedies.  First, the Inmate

Grievance Form he has attached to the complaint is not a grievance form that has

been filed with MCCF.  Second, the document pre-dates the alleged misconduct.

(Doc. 1-1.)  Plaintiff repeats in his brief in opposition that he filed a grievance on

December 13, 2020 complaining of events that took place on December 22, 2020.

(Doc. 33, p. 3.)  This is simply not possible.  Additionally, the form is unsigned,

and the response of "No reply" further demonstrates that this was not the form

filed with MCCF.  Therefore, Plaintiff's only evidence of exhaustion does not

support the assertions that Plaintiff filed a grievance, that he was prevented from

pursuing his administrative remedies, or that MCCF failed to respond to Plaintiff's

grievance.

In contrast, Defendants have presented evidence in the form of an affidavit

from Warden Haidle confirming that Plaintiff did not exhaust his administrative

remedies.  Allegations without the support of evidence are not sufficient to survive

summary judgment. *Jutrowski*, 904 F.3d at 288–89.  Therefore, Plaintiff's mere

allegation that he filed grievances and these grievances went unanswered is not

9

sufficient to survive Defendants' motion.  As such, the court will grant

Defendants' motion for summary judgment and enter judgment in Defendants'

favor.

## CONCLUSION

For the above stated reasons, the court will grant Defendants' motion for

summary judgment based on Plaintiff's failure to exhaust his administrative

remedies.  The court will grant judgment in favor of Defendants.  Plaintiff has also

filed a motion for appointment of counsel, which is currently unaddressed.  (Doc.

32.)  Since the court will be granting judgment in favor of Defendants, Plaintiff's

motion will be denied as moot.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated:  August 25, 2022